IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NORTHWEST ENVIRONMENTAL                      Civil No. 05-1279-AA
DEFENSE CENTER,                                  OPINION AND ORDER

       Plaintiff,

  vs.

DAVID B. ALLEN, in his official
capacity as Regional Director for
United States Fish and Wildlife
Service's Pacific Region, and
UNITED STATES FISH AND WILDLIFE
SERVICE,

       Defendants.
_____

BARK, CASCADIA WILDLANDS PROJECT,            Civil No. 06-1190-AA
KLAMATH-SISKIYOU WILDLANDS CENTER,
OREGON NATURAL RESOURCES COUNCIL
FUND and UMPQUA WATERSHEDS, Oregon
Non-Profit Corporations,

       Plaintiffs,

  vs.

REN LOHOEFENER, in his official
capacity as Acting Regional Director
for U.S. Fish and Wildlife Service's

Page 1 - OPINION AND ORDER

Pacific Region, and UNITED
STATES FISH AND WILDLIFE SERVICE,

          Defendants.
———————————————————————

NW ENVIRONMENTAL DEFENSE                    Civil No. 06-1584-AA
CENTER, et al.,

          Plaintiffs,

     vs.

REN LOHOEFENER, et al.,

          Defendants,
———————————————————————

Stephanie M. Parent
Pacific Environmental Advocacy Center
10015 SW Terwilliger Blvd.
Portland, Oregon 97219
     Attorney for plaintiffs

Matthew J. McKeown
Jean E. Williams
Keith W. Rizzardi
Robert L. Gulley
Wildlife and Marine Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
     Attorneys for defendants

AIKEN, Judge:

                    <u>BACKGROUND</u>

<u>     </u>In the three cases captioned above, plaintiffs challenged a

2003 biological opinion (BiOp) issued by the U.S. Fish and

Wildlife Service (FWS), pursuant to the Endangered Species Act

(ESA), 16 U.S.C. § 1536.  The biological opinions at issue

addressed the effects of certain federal timber harvest

Page 2 - OPINION AND ORDER

activities on northern spotted owls (owls) and owl critical

habitat.  Upon defendants' motion, this court granted a stay of

these cases to allow the Ninth Circuit an opportunity to resolve

identical issues pending before it.

On February 16, 2007, the Ninth Circuit issued its opinion

in Oregon Natural Resources Council v. Allen, 476 F.3d 1031 (9th

Cir. 2007)(ONRC) interpreting the ESA's "incidental take

statement" requirements in the context of a challenge to a

biological opinion impacting owls and their habitat.  The court

held:

> Contrary to the FWS' argument, "quantifying" take in
> terms of habitat acreage lost is simply not the type
> of numerical limitation on take contemplated by
> Congress or this court's precedent.  Moreover, the
> BiOp offers no explanation of why the FWS was unable
> numerically to quantify the level of take of northern
> spotted owls[.]  We therefore conclude that the FWS'
> unexplained failure to comply with this requirement
> renders the Incidental Take Statement invalid.

Id. at 1037.

Upon review of this decision, on March 19, 2007, the FWS

informed the U.S. Forest Service and Bureau of Land Management

that the 2003 biological opinion, regarding owls and their

critical habitat, was withdrawn.  In its Notice of Withdrawal,

the FWS specifically states that it is "taking these actions

[withdrawal of the opinion] to comply with the recent Ninth

Circuit decision in [ONRC]."  Letters from Kemper McMaster (March

13, 2007), Attachment 1 to Notice re: withdrawal of biological

opinion (March 19, 2007)(emphasis added).

Defendants now move to dismiss these cases based on
mootness.  Plaintiffs move to stay, or alternatively to dismiss
"with conditions."  On June 11, 2007, this court held oral
argument on these motions.  Defendants' motion to dismiss is
granted with conditions.  Plaintiffs' motion to stay is denied,
plaintiffs' alternative motion to dismiss with conditions is
denied.

<u>                              STANDARDS                              </u>

Under Fed. R. Civ. P. 12(b)(6), dismissal for failure to
state a claim is proper only when it appears to a certainty that
the plaintiffs can prove no set of facts in support of their
claim that would entitle them to relief.  <u>Litchfield v.
Spielberg</u>, 736 F.2d 1352, 1357 (9th Cir. 1984), <u>cert</u>. <u>denied</u>, 470
U.S. 1052 (1985).  For the purpose of the motion to dismiss, the
complaint is liberally construed in favor of the plaintiffs, and
its allegations are taken as true.  <u>Rosen v. Walters</u>, 719 F.2d
1422, 1424 (9th Cir. 1983).

The moving party has a heavy burden to demonstrate mootness.
<u>Los Angeles County v. Davis</u>, 440 U.S. 625, 631 (1979).  Article
III of the Constitution limits the jurisdiction of the federal
courts to "cases" or "controversies."  U.S. Const. art. III, § 2.
Federal courts must determine that they have jurisdiction before
proceeding to the merits.  <u>Lance v. Coffman</u>, ___ U.S. ___, 127 S.

Ct. 1194 (2007).  Moreover, federal courts do not have jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  <u>Church of Scientology v. United States</u>, 506 U.S. 9, 12 (1992)(internal citations omitted).  If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.  <u>GTE California, Inc. v. FCC</u>, 39 F.3d 940, 945 (9th Cir. 1994).

<u>DISCUSSION</u>

I.  DEFENDANTS' MOTION TO DISMISS AS MOOT

As stated above, pursuant to the ESA and Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706, plaintiffs challenged the 2003 Rogue River BiOp and its alleged impacts on owls.  FWS withdrew the BiOp as it related to owls and their critical habitat to "comply" with the Ninth Circuit's recent ruling in <u>ONRC</u>.  I agree with defendants that there is no federal agency action left for this court to review, and thus, there is no case or controversy.  Therefore, this case must be dismissed as moot. In a similar case, environmental groups challenged federally-authorized livestock grazing on National Forest Lands. <u>Oregon Natural Desert Ass'n v. U.S. Forest Service</u>, Civ. No. 04-3096-PA, Order (D. Or. April 2, 2007). The biological opinions had expired, therefore the court found that "no livestock grazing

actions that may affect the listed suckers or bull trout will occur in 2007 until consultation is complete." <u>Id.</u> at p. 4. The defendants there argued the case was moot while the plaintiffs argued that "declaratory judgment would clarify defendants' legal obligations." <u>Id.</u> at 8-9. The court concluded that the case was, in fact, moot:

> Plaintiffs also argue that declaratory relief would be helpful to "ensure that the [new] BiOp complies with the law and does so in a timely manner" and that declaratory relief would "clarify and settle" defendants' legal obligations. I agree with defendants, however, such justifications are so vague as to make Article III's "case or controversy" requirement meaningless. Courts should not micromanage an agency's procedures under the guise of judicial review.

<u>Id.</u> at 11-12.

Further, the fact that defendant agencies might discuss or issue a future biological opinion does not establish a basis for continuing jurisdiction. Article III requires an actual case or controversy. Since the FWS withdrew the BiOp pursuant to <u>ONRC</u>, I find no evidence there exists any biological opinion, or any ongoing agency action for this court to review. <u>See also</u>, <u>Earth Island Inst. v. Ruthenbeck</u>, 459 F.3d 954, 961-62 (9th Cir. 2006)("courts must refrain from deciding abstract or hypothetical controversies and from rendering impermissible advisory opinions with respect to such controversies. A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before

them.  Its judgment must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.") (internal citations omitted).

Plaintiffs argue that its complaint is not moot because the court can still provide the plaintiffs with "effective declaratory relief."  Plaintiffs' Opp. to Motion to Dismiss, p. 7.  See Forest Guardians v. Johanns, 450 F.3d 455, 462 (9th Cir. 2006)(where "both injunctive and declaratory relief are sought but the request for an injunction is rendered moot during litigation, if a declaratory judgment would nevertheless provide effective relief the action is not moot.").  Plaintiffs assert that FWS has "repeatedly withdrawn portions of the biological opinions in order to avoid an adverse ruling on plaintiffs' critical habitat and jeopardy claims.  Given the continuing controversy over FWS's biological opinions on the effects of logging and other activities on the [owls], there is a 'definite and concrete' controversy[.]"  Plaintiffs' Opp. to Motion to Dismiss, p. 8.  Specifically, plaintiffs allege there exists an ongoing "case or controversy" because plaintiffs have requested, but have yet to obtain, declaratory relief as to the legality of FWS's legal duties under the ESA with respect to jeopardy and critical habitat.

Page 7 - OPINION AND ORDER

The Ninth Circuit has held that in deciding whether to issue a declaratory injunction, the "central question" is "whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." Gator. Com. Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1129 (9th Cir. 2005)(en banc)(internal quotation omitted).  FWS asserts that those "changes in circumstances" have occurred in that defendants no longer deny the allegations in plaintiffs' complaint, rather they recognize that ONRC "has answered the issues in question."  Defendants' Memo in Support of Motion to Dismiss, p. 6.  Defendants further assert that plaintiffs' claims of jeopardy and critical habitat are irrelevant at this juncture because the 2003 Rogue River BiOp does not present a live case or controversy.  Plaintiffs' claims all stem from a withdrawn BiOp. Here, no "live" controversy remains between the parties because the challenged activity has "evaporated or disappeared." Headwaters, Inc. v. Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir. 1989).  I agree and find that issuing a declaratory judgment regarding the adequacy of any claims against a withdrawn biological opinion would have no effect and would be in the nature of an advisory opinion.  I therefore decline plaintiffs' invitation to issue declaratory relief based on the 2003 BiOp.  See Center for Biological Diversity v. Lohn, 483 F.3d 984, 987 (9th Cir. 2007)("when a plaintiff seeks declaratory

relief . . . the 'test for mootness . . . is whether the facts
alleged under all the circumstances, show that there is a
substantial controversy, between parties having adverse legal
interests, of sufficient immediacy and reality to warrant the
issuance of a declaratory judgment.'") (internal citations
omitted).

Defendants' motion to dismiss due to mootness is granted,
however, the court <u>sua</u> <u>sponte</u> imposes the following two
conditions: (1) due to the court's time spent to date on these
three cases, and to promote judicial economy and efficiency, any
new complaints resulting from new BiOps issued regarding these
three cases will be assigned to this court; and (2) defendants
are instructed to provide plaintiffs with ten (10) days notice
prior to issuing any "relevant consultation," including a
biological opinion or letter of concurrence, regarding the
subject matter at issue here.  This condition will ensure that
plaintiffs have adequate, timely notice of any action FWS may
take, including the issuance of a biological opinion or letter of
concurrence.

II.  PLAINTIFFS' MOTIONS TO STAY OR DISMISS WITH CONDITIONS

Plaintiffs move to stay these proceedings "until such time
that FWS issues biological opinions that supersede the biological
opinions at issue in these cases."  Plaintiffs' Opp. to Motion to
Dismiss, p. 16.  As explained above, this case is now moot,

therefore, plaintiffs' motion to stay is denied.  Notably, I find
no prejudice to plaintiffs by denying a stay.  Due to the
withdrawal of the 2003 Rogue River BiOp, no impacts to the owls
will occur.  Plaintiffs, however, may file a new complaint if the
need arises to challenge a future federal agency action based on
the facts at bar.  Moreover, in support of judicial economy and
efficiency, any new complaint(s) will be assigned to this court.

In the alternative, plaintiffs request that the court
dismiss this action "with conditions" pursuant to Fed. R. Civ. P.
41(a)(2).  Rule 41(a)(2) provides for voluntary dismissal of a
case "upon order of the court and upon such terms and conditions
as the court deems proper."  <u>Id.</u>  Approval of a motion to dismiss
under Rule 41(a)(2) lies within the sound discretion of this
court, and includes weighing "all relevant equities."  <u>Burnette
v. Godshall</u>, 828 F.Supp. 1439, 1444 (N.D. Cal. 1993), <u>aff'd</u>, 72
F.3d 766 (9th Cir. 1995).

Upon weighing "all relevant equities," and exercising this
court's sound discretion, plaintiffs' alternative motion to
dismiss with conditions is denied.  As noted above, the court
will impose conditions <u>sua sponte</u>.

CONCLUSION

Defendants' motion to dismiss (#31) is granted.  The court
imposes the following two conditions upon dismissal: (1) any new
complaints resulting from new BiOps issued regarding these three

Page 10 - OPINION AND ORDER

cases will be assigned to this court; and (2) defendants are instructed to provide plaintiffs with ten (10) days notice prior to issuing any "relevant consultation," including a biological opinion or letter of concurrence, regarding the subject matter at issue here.

This case is dismissed and all pending motions are denied as moot. Plaintiffs' motion to stay (doc. 34) is denied, plaintiffs' alternative motion to dismiss with conditions (doc. 34) is denied.

IT IS SO ORDERED.

Dated this __13__ day of June 2007.


_____/s/ Ann Aiken_____
            Ann Aiken
United States District Judge

Page 11 - OPINION AND ORDER